IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

BENJAMIN ALLEN, III,

    Movant,

v().                                               CIVIL ACTION NO. 1:20-00234
                                                  CRIMINAL NO. 1:18-00154

UNITED STATES OF AMERICA,

    Respondent.

**MEMORANDUM OPINION AND ORDER**

By Standing Order, this action was referred to United States Magistrate Judge Cheryl A. Eifert for submission of findings and recommendation regarding disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Eifert submitted to the court her Proposed Findings and Recommendation ("PF&R") on August 18, 2021, in which she recommended that the court deny Movant's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 67) and dismiss this civil action with prejudice and remove it from the docket of the court. (ECF No. 117.)

In accordance with the provisions of 28 U.S.C. § 636(b), plaintiff was allotted fourteen days and three mailing days in which to file any objections to Magistrate Judge Eifert's PF&R. The failure of any party to file such objections within the time allowed constitutes a waiver of such party's right to a de novo

review by this court.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989).  Movant timely filed objections.

I.     **Factual Background**

Movant, a federal prisoner, was sentenced in this court on April 2, 2019, to a guideline term of imprisonment of 188 months,[1] having pleaded guilty to Count 2 (a drug offense) of a 7-count indictment charging him with drug and firearms offenses. (See Judgment, ECF No. 61, Case No. 1:18-cr-00154.)  Throughout the criminal proceedings, attorney Derrick W. Lefler represented him.

Previously, at his plea hearing on December 17, 2018, movant assured the court that Mr. Lefler had answered all of his questions to movant's satisfaction, that he was satisfied with Mr. Lefler representing him throughout sentencing proceedings, and that he was completely satisfied with the quality of Mr. Lefler's legal services.  (ECF No. 71, at 22, 25.)  Movant further assured the court of his understanding that his dissatisfaction with the sentence ultimately imposed would give him no basis to withdraw his guilty plea.  (Id. at 22.) Finally, he denied that anyone had promised him a particular

---

[1] The 188-month term was also within the range of an agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), whereby the parties essentially cabined the extent of an upward or downward variance that the court could impose and still accept the plea agreement.  The range was 140 to 210 months.

2

sentence for pleading guilty or predicted leniency for pleading guilty. (Id. at 23.)

In this § 2255 motion, movant claims that his counsel, Mr. Lefler, was ineffective for failing (1) to heed movant's instruction to file a direct appeal; (2) to object to the use of a previous conviction for an attempted drug offense as a predicate offense for his career offender designation under the Sentencing Guidelines; and (3) to understand the career offender issue adequately (thereby ostensibly invalidating the voluntariness of the plea).

The PF&R meticulously explains why all three grounds lack merit. Movant has limited his objections to the PF&R's findings and recommendation as to the first basis only: ineffective assistance of counsel for failing to file a direct appeal. Thus, movant has waived any objection to the PF&R's findings and recommendations concluding that the other two bases are meritless, and the court's de novo review is limited to the errors that movant purports to identify with the PF&R as to the first basis only.

Because the § 2255 motion raises questions of fact concerning whether movant instructed his attorney to file a direct appeal, Magistrate Judge Eifert held an evidentiary hearing spanning the afternoon of April 27, 2021, during which movant called three witnesses, respondent called five witnesses,

3

and the court admitted fourteen exhibits into the record.[2]  At the conclusion of that hearing, Magistrate Judge Eifert gave movant an opportunity to file a supplemental brief, which he did, and respondent an opportunity to respond thereto, which it did.  In light of movant's timely objections, this court has conducted a de novo review of the record as it pertains to movant's first ground for relief.  This review of the record includes the transcript of the evidentiary hearing (together with the exhibits introduced at the hearing), the affidavits filed in the record, the parties' relevant memoranda of law, and the § 2255 motion itself.

## II.  Standard of Review

Pursuant to Fed. R. Civ. P. 72(b), the court must "make a de novo determination upon the record . . . of any portion of the magistrate judge's disposition to which specific written objection has been made."  However, the court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  See Thomas v. Arn, 474 U.S. 140, 149-50 (1985).

---

[2] Magistrate Judge Eifert appointed counsel to represent movant at the evidentiary hearing.  (ECF No. 99.)  Counsel also submitted a supplemental brief after the hearing and submitted the objections to the PF&R now before the court.

Furthermore, de novo review is unnecessary "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47–48 (4th Cir. 1982); see also United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007) ("[T]o preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection."); McPherson v. Astrue, 605 F. Supp. 2d 744, 749 (S.D.W. Va. 2009) ("[F]ailure to file a specific objection constitutes a waiver of the right to de novo review.").

When a party objects to a magistrate judge's credibility determinations, a district court may not simply rely on a review of the magistrate judge's proposed findings and recommendation, as doing so is an insufficient substitute for "considering the actual testimony" and would amount to an unconstitutional abdication of the district court's "non-delegable authority." See Wimmer v. Cook, 774 F.2d 68, 76 (4th Cir. 1985). To fulfill its obligation to make a de novo review, a district court must independently review the transcript or audio of the evidentiary hearing. Alexander v. Peguese, 836 F.2d 545 (4th Cir. 1987).[3]

---

[3] In Pressly v. Hutto, the court stated, "Failure to listen to the tapes of the hearing in this case . . . would be reversible

"To be sure, courts must always be sensitive to the problems of making credibility determinations on the cold record." United States v. Raddatz, 447 U.S. 667, 679 (1980). But there is no need to conduct a new hearing unless the court determines that it should reject the magistrate judge's credibility determinations. See id. at 674; United States v. Johnson, 107 F. App'x 322, 331-32 (4th Cir. 2004) (Duncan, J., dissenting). That is to say, "[a] magistrate judge's credibility determinations based on live testimony are entitled to deference where they are supported by the record as a whole." United States v. Michaels, No. 5:19CR31, 2019 WL 6974756, at *3 (N.D.W. Va. Dec. 20, 2019) (Stamp, J.). Otherwise, a new hearing is necessary. Id.

### III. **Movant's Objections**

The PF&R proposes that the court find that movant has failed to establish by a preponderance of the evidence that he communicated his desire to appeal to his attorney (either personally or through others) before it was too late to do so. In this regard, movant more specifically challenges the PF&R's

---

error," but that was because "[t]he district court did not, at the time of review, have before it a transcript of the hearing. 861 F.2d 265 (4th Cir. 1988). Thus, it is up to the discretion of the district court to decide whether to review a transcript of the hearing or listen to audio of the hearing—both are not required.

6

credibility determinations as to two of his witnesses: Estella Robinson and Gardenia Jones.

Movant also challenges the proposed finding that, under the circumstances, Mr. Lefler had no obligation to consult with movant further than he did. Movant suggests that the "undisputed facts" establish that movant did not receive a sentence at the lower end of the Rule 11(c)(1)(C) agreement (for which Mr. Lefler advocated), that Mr. Lefler did not meet with him after sentencing, and that Mr. Lefler should have done more once he had reason to believe that movant wanted to appeal.

As to the PF&R's factual and credibility determinations, the record fully supports them. Movant's version of events, even with the benefit of his witnesses' support, is significantly less convincing than respondent's version of events. Having reviewed the record, it is readily apparent to the court that Magistrate Judge Eifert's assessment of the facts in this matter is accurate. As to movant's argument that the undisputed facts show a constitutional deficiency on the part of movant's counsel, the court is unconvinced. Even if Mr. Lefler had a duty to consult with movant regarding an appeal, the consultation he provided (in the form of a promptly delivered letter with instructions to call immediately if movant wished to appeal) was constitutionally sufficient.

### A. Credibility Objections

Movant objects to the credibility determinations in the PF&R as to witnesses Estella Robinson and Gardenia Jones.

### 1. Estella Robinson

Ms. Robinson, movant's mother, testified in relevant part that movant told Mr. Lefler, immediately after sentencing, to file an appeal, and that movant communicated his desire to appeal through others (including herself). The PF&R explains that although Ms. Robinson did not appear dishonest, her testimony called into serious question both her perception of the conversation at counsel table and her memory of it. This is fully supported by the record. Moreover, as the PF&R notes, Ms. Robinson's version of events lacks facial plausibility.

Movant argues that, whatever lapses in memory clouded Ms. Robinson's testimony, she still purported to remember more than Mr. Lefler, who denied discussing an appeal at counsel table to the best of his recollection. Who purported to remember more of the conversation, however, is not directly relevant to the question of whether Ms. Robinson's testimony was credible. As the PF&R rightly concluded, the testimony bore significant indicia that it was not entirely credible. Regardless, even without the credibility issues, Ms. Robinson provided a version of events that the record as a whole draws into serious question.

Ms. Robinson's claim that movant told Mr. Lefler to appeal immediately after the hearing is inconsistent with movant's acknowledgment at his plea hearing of the appeal waiver. Further, although movant did not receive the sentence he wanted, it was within the range to which he agreed. What is more, the supposed impetus for the appeal request was that Mr. Lefler had promised a sentence at the low end of the range. But Mr. Lefler testified that he never makes such promises, especially in federal cases, and did not do so here. (ECF No. 111, at 96.)

Ms. Robinson's testimony also conflicted with movant's testimony. According to movant, he turned to Mr. Lefler after the sentencing hearing and told him to file an appeal based on ineffective assistance of counsel (a potential basis for appeal that the plea agreement did not waive). (Id. at 32-33.) According to Ms. Robinson, the thrust of the appeal discussions concerned the career offender sentencing enhancement (a potential appeal point that the plea agreement did waive). (Id. at 48-50.) This is so for both the conversation between movant and Mr. Lefler at counsel table and the conversation between Ms. Robinson and Mr. Lefler outside the courtroom. (Id.) Although movant's testimony lacked credibility,[4] the inconsistency between

---

[4] Movant has not objected to the proposed findings regarding his own testimony. In addition to the concerns that the PF&R points out with that testimony, the court also notes that movant's testimony that he could not call Mr. Lefler flatly contradicts

9

his testimony and Ms. Robinson's nevertheless suggests that movant did not request an appeal at counsel table after sentencing.

Because the record supports the PF&R's credibility determinations regarding Ms. Robinson's testimony, movant's objection to those determinations is **OVERRULED**.

**2. Gardenia Jones**

Gardenia Jones is the mother of movant's child and was his girlfriend prior to his incarceration. She was not present at sentencing. (ECF No. 111, at 62.) She testified that she called Mr. Lefler's office several times regarding an appeal, and that she first did so "like maybe two or three weeks after" sentencing. (Id.) She further testified that, at some point, she visited Mr. Lefler's office to sign power-of-attorney papers. (Id. at 63-64.) She was unsure whether she did so pre-sentencing or post-sentencing, but she thought it was post-sentencing. (Id.) She did not speak with Mr. Lefler about an appeal at this meeting. (Id. at 63.)

The PF&R states that Ms. Jones "admit[ted] she did not discuss an appeal when she visited Lefler's office to sign

---

the letter he claimed to have sent Mr. Lefler following the hearing, in which he states that he made multiple unsuccessful attempts to contact Mr. Lefler by phone. (ECF No. 111, at 12 ("So we weren't able to get out to do phone calls, so I had no way to contact him, so I was writing him."); ECF No. 108-1 ("I have tried calling only to get no answer[.]").)

10

paperwork following sentencing" and that "[i]t strains credulity that Ms. Jones would neglect to broach the topic at an in-person meeting with Lefler; particularly, when she claimed in her affidavit that she had difficulty reaching him to discuss the appeal." (ECF No. 117, at 22.) Movant objects to this assessment of Ms. Jones's testimony, pointing out that Ms. Jones was unsure of when the meeting was in relation to sentencing. Movant further states that, regardless, she testified that she called about an appeal two or three weeks after sentencing.

Even if the PF&R mistakenly assumed that the meeting was in fact post-sentencing, such error would not affect the ultimate assessment of Ms. Jones's testimony. Her estimate of when she first called Mr. Lefler's office was already vague, and even under that estimate, the earliest she would have called would have been on the last day of the 14-day appeal period. Ms. Jones's uncertainty as to when sentencing occurred does not help movant meet his burden.

Because any error in the PF&R's credibility assessment of Ms. Jones's testimony has no bearing on the outcome, this objection is **OVERRULED**.

### B. Objection to Analysis of First Ground for Relief

Movant's first ground for relief asserts that movant is entitled to relief based on ineffective assistance of counsel: in particular, that Mr. Lefler was ineffective for failing to

11

file a direct appeal. Beyond objecting to the factual findings proposed in the PF&R, movant suggests that the undisputed facts compel a conclusion that counsel was ineffective. Essentially, movant says that because the outcome of the sentencing hearing was not the best possible one (or close enough to it), Mr. Lefler had an obligation to consult with him, or at least an obligation to consult with him when, "at some point, Mr. Lefler, either directly, or through an office staff member, received phone calls from Mr. Allen's mother, Estella Robinson, and his girlfriend at the time, Gardenia Jones, inquiring as to the status of his appeal." (ECF No. 118, at 3.)

Counsel must be provided, at the government's expense, for defendants in felony criminal matters who cannot obtain counsel and who do not waive this right. Gideon v. Wainwright, 372 U.S. 335, 342 (1963) (state court); Johnson v. Zerbst, 304 U.S. 458, 468 (1938) (federal court). The same is true in non-felony cases unless no term of imprisonment is imposed. Scott v. Illinois, 440 U.S. 367, 368 (1979); Argersinger v. Hamlin, 407 U.S. 25, 37 (1972).

The Supreme Court has made clear that the Sixth Amendment guarantees not just the assistance of counsel, but of "effective" assistance of counsel. See Strickland v. Washington, 466 U.S. 668, 686 (1984). "An ineffective assistance of counsel claim requires a showing that (1)

12

'counsel's performance was deficient' and (2) 'the deficient performance prejudiced the defense.'" United States v. Poindexter, 492 F.3d 263, 267 (4th Cir. 2007) (quoting Strickland, 466 U.S. at 687).

In Strickland, however, the Supreme Court also observed that the purpose of this guarantee is "is simply to ensure that criminal defendants receive a fair trial," "not to improve the quality of legal representation." 466 U.S. at 689; see also United States v. Cronic, 466 U.S. 648, 658 (1984) ("[T]he right to the effective assistance of counsel is recognized not for its own sake, but because of the effect it has on the ability of the accused to receive a fair trial.").[5]

The Strickland framework applies to claims that a lawyer should have filed an appeal. Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000). When a lawyer disregards a specific instruction to file an appeal, both Strickland prongs are met

---

[5] Justice Thomas would go one step further:

> The right to counsel is not an assurance of an error-free trial or even a reliable result. It ensures fairness in a single respect: permitting the accused to employ the services of an attorney. The structural protections provided in the Sixth Amendment certainly seek to promote reliable criminal proceedings, but there is no substantive right to a particular level of reliability.

Garza v. Idaho, 139 S. Ct. 738, 759 (2019) (Thomas, J., dissenting).

13

regardless of the merit of the potential appeal, and regardless of an appeal waiver. Garza v. Idaho, 139 S. Ct. 738, 749 (2019); Flores-Ortega, 528 U.S. at 477; Poindexter, 492 F.3d at 268-69, 273.

Counsel is also required to "consult" with a defendant "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Flores-Ortega, 528 U.S. at 480. Consulting with such a defendant means "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." Id. at 478.

The Court provided the following guidance on determining whether there was a duty to consult:

> Although not determinative, a highly relevant factor in this inquiry will be whether the conviction follows a trial or a guilty plea, both because a guilty plea reduces the scope of potentially appealable issues and because such a plea may indicate that the defendant seeks an end to judicial proceedings. Even in cases when the defendant pleads guilty, the court must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights. Only by considering all relevant factors in a given case can a court properly determine whether a rational defendant would have desired an appeal or that the particular defendant

> sufficiently demonstrated to counsel an interest in an appeal.

Id. at 480. The Court declined to establish a per se duty to consult regarding an appeal but noted its expectation that courts applying its guidance would find the existence of such a duty "in the vast majority of cases." Id. at 481. The court also noted that "the better practice is for counsel routinely to consult with the defendant regarding the possibility of an appeal." Id. at 479.

Unless it can be established that defense counsel ignored an unambiguous instruction to appeal, "a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." See id. at 484. This showing is necessary to establish prejudice under Strickland's second prong.

In this objection, movant appears to argue that even if he did not unambiguously instruct Mr. Lefler to appeal within the timeframe for an appeal, Mr. Lefler nevertheless had a duty to consult with him and fell short of meeting that duty here. This is so, movant says, under the following "undisputed facts":

> Mr. Allen did not receive the sentence he and his attorney had advocated for at the sentencing hearing; Derrick Lefler did not meet with Mr. Allen at any point following his April 2, 2019 sentencing hearing; and at some point, Mr. Lefler, either directly, or through an office staff member, received phone calls

> from Mr. Allen's mother, Estella Robinson, and his
> girlfriend at the time, Gardenia Jones, inquiring as
> to the status of his appeal.

(ECF No. 118, at 3.)

The first argument appears to be that not receiving a sentence at the bottom of the Rule 11(c)(1)(C) range triggered the duty to consult. The court disagrees. Movant acknowledged what the sentencing range was at the plea hearing; he even asked the court a clarifying question about it. He also acknowledged his understanding that his plea agreement included a waiver of the right to appeal a sentence within that range. There were no nonfrivolous grounds for appeal, and under these circumstances, Mr. Lefler had no reason to believe that movant was interested in appealing. To the contrary, Mr. Lefler testified that he recalled being "surprised that Mr. Allen, I guess I would say, took [sentencing] as well as he did." (ECF No. 111, at 98-99.)

Moreover, assuming that Mr. Lefler had a duty to consult with movant about a possible appeal, the record establishes that he met this duty. It is true that he did not meet with movant in person. Under the circumstances, however, the letter he sent to movant the day after sentencing reasonably informed movant of his appeal prospects and amounted to a reasonable effort to ascertain movant's wishes in that regard.

The second argument appears to be that the contacts that movant's family members made to Mr. Lefler's office should have

16

prompted different action from Mr. Lefler, and sooner.  But as movant acknowledges, the record establishes merely that Mr. Lefler's office received these contacts "at some point," not at a point that would have allowed for a timely appeal, even assuming good cause existed for an extension of the 14-day timeframe.  (ECF No. 118, at 3.)  The question is not whether "somewhere along the way, there was a genuine question as to whether Mr. Allen wanted to file an appeal."  (Id.)  It is whether movant has established, to a reasonable probability, that but for a neglected duty to consult with him, he would have filed a timely appeal.  The record fails to establish such a reasonable probability.

## IV. Conclusion

Movant's narrative does not add up.  He failed to establish that, within the timeframe when it reasonably would have made a difference, he personally instructed Mr. Lefler to appeal or that others communicated this desire on his behalf. Furthermore, the record supports Magistrate Judge Eifert's credibility findings as to Ms. Robinson and Ms. Jones, and their testimony does not help movant meet his burden. Movant's claim that the undisputed record shows that Mr. Lefler had a duty to consult with him and failed to do so is incorrect.  But even if Mr. Lefler had such a duty, he fulfilled it, and the record does not show that movant's desire to appeal came (or should have

come) to Mr. Lefler's attention before it was too late to do anything about it.  Accordingly, movant's objections are **OVERRULED**.

The court adopts the PF&R as follows:

1. Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, (ECF No. 67) is **DENIED**; and

2. This civil action is **DISMISSED**, with prejudice, and removed from the docket of this court.

The Clerk is further directed to forward a copy of this Memorandum Opinion and Order to counsel of record and unrepresented parties.

**IT IS SO ORDERED** this 7th day of June, 2022.

ENTER:

David A. Faber
Senior United States District Judge