```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT BLUEFIELD
```

BENJAMIN ALLEN, III,

    Movant,

v.                                          CIVIL ACTION NO. 1:20-00234
                                            CRIMINAL NO. 1:18-00154

UNITED STATES OF AMERICA,

    Respondent.

## MEMORANDUM OPINION AND ORDER

By separate order, the court has denied movant's § 2255 petition and dismissed this case with prejudice. (ECF No. 120.) Just prior to that order, movant filed a motion seeking leave to amend his petition based on the Supreme Court's ruling in Borden v. United States, 141 S. Ct. 1817 (2021). (ECF No. 119.) Movant argues that, under Borden, one of his prior convictions under West Virginia law does not qualify as a predicate offense for his designation as a career offender under the Sentencing Guidelines. Movant re-titles this offense as "Malicious Assault to Cause Bodily Harm With Reckless Intent." (ECF No. 119.) In fact, the conviction was for malicious wounding.

The Court in Borden held as follows: "Offenses with a *mens rea* of recklessness do not qualify as violent felonies under ACCA. They do not require, as ACCA does, the active employment of force against another person. And they are not the stuff of

armed career criminals." 141 S. Ct. at 1834. One of movant's predicate offenses for designation as a career criminal is the offense of malicious wounding under West Virginia law. Movant says that he was merely reckless when he committed the acts leading to his conviction for malicious wounding. Based on the summary of this offense in the presentence report, movant's factual contention appears incorrect. In any event, under the categorical approach, "the facts of a given case are irrelevant," and "[t]he focus is instead on whether the elements of the statute of conviction meet the federal standard." Id. at 1822.

Under West Virginia law, "intent is an essential element of both malicious wounding and unlawful wounding." State v. Combs, 280 S.E.2d 809, 810 (W. Va. 1980). More specifically, the requisite intent is "intent to produce a permanent disability or disfigurement." Id. Defendant's contention that Borden helps his case, therefore, is mistaken, and his motion to amend (ECF No. 119) is **DENIED**.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

**IT IS SO ORDERED** this 8th day of June, 2022.

ENTER:

David A. Faber
Senior United States District Judge